22CA1410 Peo v Swayzer 05-29-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 22CA1410
El Paso County District Court No. 21CR4424
Honorable William B. Bain, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Myron David Swayzer,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE TOW
Yun and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 29, 2025

---

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Casey Mark Klekas, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Myron David Swayzer, appeals the judgment of conviction entered on a jury verdict finding him guilty of unauthorized absence.  We affirm.

## I.     Background

¶ 2     Swayzer was participating in an intensive supervision parole (ISP) program for his prior conviction for sexual assault.  As an ISP parolee, Swayzer was required to wear an ankle monitor.  A police officer pulled Swayzer over after seeing him commit several traffic violations.  As the officer approached his vehicle, Swayzer fled the scene.  Soon after, Swayzer's parole officer found Swayzer's ankle monitor with its strap cut, located in the back of a different vehicle.  An arrest warrant was issued, and, approximately one month later, Swayzer was arrested.

¶ 3     The prosecution charged Swayzer with unauthorized absence in violation of section 18-8-208.2(1)(b), C.R.S. 2024, which prohibits anyone serving an ISP sentence (or one of several other types of sentences) from removing or tampering with their electronic monitoring device.  In a separate case, the prosecution also charged Swayzer with two traffic offenses, eluding a peace officer and careless driving.  The two cases were joined for trial.

1

¶ 4    A jury convicted Swayzer on all charges.  Unauthorized absence is elevated from a misdemeanor to a felony if the defendant was serving a sentence "for a crime listed in section 24-4.1-302(1)[, C.R.S. 2024]."  § 18-8-208.2(2)(a).  The jury found in a special interrogatory that Swayzer's unauthorized absence was from a sentence for sexual assault, which is one of the enumerated crimes.  *See* § 24-4.1-302(1)(n)(I).

## II.    Admission of Name of Prior Offense

¶ 5    Swayzer contends the trial court erred by admitting the name of his prior offense.  We disagree.

### A.    Standard of Review and Applicable Law

¶ 6    "We review the trial court's evidentiary rulings for an abuse of discretion."  *People v. Quillen,* 2023 COA 22M, ¶ 14.  "A trial court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair, or if it misconstrues or misapplies the law."  *Id.*  But "[w]e review a trial court's interpretation of the law governing the admissibility of evidence de novo."  *People v. Johnson,* 2021 CO 35, ¶ 15.

## B.     Additional Background

¶ 7     Defense counsel objected to the admission of evidence revealing the name of Swayzer's prior offense.  She argued that the "statute number which accompanies the name of the offense on all of the sentencing and conviction [packets]" would be sufficient for the prosecution to prove that Swayzer's unauthorized absence was "for a crime listed in section 24-4.1-302."  The trial court overruled the objection, finding that while there may be "some danger of unfair prejudice," the prior conviction for sexual assault is "truly an element of the sentencing enhancement" and is "hugely probative because it has to be proven by the People that this is one of the crimes under . . . [section] 24-4.1-302."  The court further concluded that the "danger of unfair prejudice [wa]s reduced by the fact that this [wa]s a crime from more than 20 years ago."

¶ 8     During voir dire, defense counsel challenged multiple jurors for cause after they admitted that they would be unable to consider Swayzer's sexual assault conviction for the limited purpose of determining whether it was the crime for which Swayzer was serving a sentence at the time of his unauthorized absence.  After the court granted the for-cause challenges, there were not enough

3

jurors remaining for the parties to exercise their peremptory challenges, and the judge declared a mistrial.

¶ 9 During the rescheduled trial, defense counsel renewed the objection to the inclusion of the name of Swayzer's prior offense, but the court overruled this objection. Potential jurors were once again asked if they would be able to consider Swayzer's prior conviction for the limited purpose of determining "whether or not the District Attorney has proven . . . beyond a reasonable doubt that he was serving a sentence for sexual assault." A sufficient number of jurors indicated that they would be able to consider his prior offense for this limited purpose, and a panel was selected.

### C.  Analysis

¶ 10 Swayzer contends that the probative value of revealing the name of his prior offense — sexual assault — was substantially outweighed by its prejudicial effect and confusion of the issues. Swayzer also argues that naming his prior offense misled the jury "from its task of fairly evaluating the charged offense to instead, punish . . . Swayzer for a particularly stigmatic prior offense."

¶ 11 "[E]vidence may be excluded if its probative value is *substantially outweighed* by the danger of unfair prejudice,

4

confusion of the issues, or misleading the jury . . . ." CRE 403 (emphasis added). Trial courts have considerable discretion in determining whether the probative value of evidence outweighs its prejudicial effect. *People v. Rath*, 44 P.3d 1033, 1043 (Colo. 2002). And "[b]ecause the balance required by CRE 403 favors admission, a reviewing court must afford the evidence the maximum probative value attributable by a reasonable fact finder and the minimum unfair prejudice to be reasonably expected." *Id.*

¶ 12 Swayzer's prior conviction for sexual assault was directly related to the prosecution's case against him. The trial court concluded that the name of the conviction was "hugely probative" because it was an element the prosecution had to prove to pursue the charge as a class 6 felony. *See* § 18-8-208.2(2)(a). And during the rescheduled trial, the trial court reemphasized the importance of naming the prior offense, finding that "it's the gravamen of at least the [unauthorized absence] [i]nterrogatory" and that "it creates a lot of confusion for a jury if they just see the number of the statute, [and] don't see the name of [the offense]." *See* COLJI-Crim. 8-2:24.6 (2024).

¶ 13 The trial court, in exercising its substantial discretion, determined that while the name of the offense was prejudicial, the danger of that prejudice was mitigated by the age of the crime and that its probative value ultimately outweighed its prejudicial nature. *See People v. Kembel*, 2023 CO 5, ¶ 53 ("[N]o limiting jury instruction can completely eliminate the potential prejudice to a defendant"; however, while "[e]vidence that's relevant and admissible may be prejudicial to a defendant, . . . it is not unfair."). And the court further concluded that failing to include the name would actually mislead the jury. As the reviewing court, we "must afford the evidence the maximum probative value attributable by a reasonable trier of fact." *Rath*, 44 P.3d at 1043. In doing so, we cannot say the trial court abused its discretion in admitting the name of Swayzer's prior offense.

¶ 14 We reject Swayzer's argument that "introducing the name and nature of the prior offense is not required [under section 18-8-208.2(2)(a)] and introducing the statute number more than sufficed for the prosecution to prove the elevated crime." Swayzer contends that "CRE 403 . . . is an important tool to 'exclud[e] matters of scant or cumulative probative force.'" *Yusem v. People*,

6

210 P.3d 458, 467 (Colo. 2009) (quoting *Masters v. People*, 58 P.3d 979, 1001 (Colo. 2002)).  As noted, however, the probative value of Swayzer's prior sexual assault conviction was not minimal; to the contrary, it was a sentence enhancer that the prosecution had to prove to the jury beyond a reasonable doubt.  Thus, Swayzer's contention that the trial court should have excluded the name of the offense because it offered little probative value is unpersuasive.

¶ 15    Notwithstanding Swayzer's contrary contention that the statute number alone was adequate, the relevant statutory language defines the charge as a class 6 felony when "a person commits unauthorized absence for a *crime* listed in section 24-4.1-302(1)."  § 18-8-208.2(2)(a) (emphasis added).  A "crime" is "[a]n act that the law makes punishable."  Black's Law Dictionary 466 (12th ed. 2024).  An "act" is "the doing of a thing," or "something done voluntarily."  Merriam-Webster Dictionary, https://perma.cc/Y43J-EKVY.  The statute number is not an act.  Rather, Swayzer's committing sexual assault was the "act" in this case.  Thus, to prove the sentence enhancer, the prosecution had to present evidence of the crime for which Swayzer was serving a sentence.

¶ 16    Furthermore, the People argue, and we agree, that "the prosecution [is entitled] to prove its case in the manner it sees fit." *People v. Silva*, 987 P.2d 909, 918 (Colo. App. 1999). Given that Swayzer's prior offense was a fact that had to be proved to the jury, the prosecution was well within its right to prove that Swayzer was serving a sentence for sexual assault by eliciting testimony from his parole officer and admitting evidence that showed his conviction for the same. And while "the court still must balance the probative value of the proffered evidence against the danger of unfair prejudice," *id.*, we have already concluded the trial court did so.

¶ 17    Finally, Swayzer argues that, once the court allowed the name and nature of the prior offense to be admitted, the "evidence of sexual assault became the main focus of the trial." To support this contention, Swayzer points to the court's discussion with the jury pool about its limiting instruction, testimony elicited from Swayzer's parole officer confirming that "[h]e was on parole for a sex assault case," two exhibits submitted by the prosecution listing Swayzer's name and an associated charge of sex assault, and four instances during the prosecution's closing where they referenced sexual assault.

¶ 18    First, the court's discussion of sexual assault was to ensure that the jury consisted only of individuals who could consider the prior offense evidence for the limited purpose of determining whether it was the underlying crime for the sentence Swayzer was serving, thus safeguarding the fairness of the proceedings. As for the remainder of Swayzer's examples, in the course of a full-day jury trial, the phrase "sexual assault" came up approximately half a dozen times, but each instance was in the context of proving to the jury that Swayzer had been convicted of, and was serving a sentence for, sexual assault. We do not agree that sexual assault was the main focus of the trial.

### III.    Denial of Supplemental Jury Questionnaire

¶ 19    Swayzer next contends the trial court erred by denying his request for a supplemental jury questionnaire. We disagree.

### A.    Standard of Review and Applicable Law

¶ 20    We review a trial court's decisions regarding the use and content of a juror questionnaire for an abuse of discretion. *People v. Toro-Ospina*, 2023 COA 45, ¶ 30. The use of juror questionnaires in the jury selection process lies within the trial court's sound

discretion. Crim. P. 24(a)(3) ("In the discretion of the judge, juror questionnaires . . . may be used.").

### B. Additional Background

¶ 21 In the days leading up to the rescheduled trial, defense counsel filed a motion for a supplemental jury questionnaire. The proposed supplemental questionnaire contained two questions addressing whether a defendant's conviction for sexual assault would impact a juror's "ability to be fair and impartial" and whether a juror would be able to consider that conviction for the limited purpose of determining "whether or not the defendant was in fact serving a sentence for that crime." The court denied the request, saying that it "planned to do the questioning on the subject so that the evidence of a sexual assault sentence can be properly couched," and it would do so in terms that the questionnaire did not address.

### C. Analysis

¶ 22 Swayzer argues that the trial court's decision to deny the supplemental jury questionnaire was unreasonable, particularly in light of the mistrial. Specifically, Swayzer contends that the questionnaire would have "further[ed] the purposes of voir dire by identifying jurors subject to a challenge for cause" and "help[ed]

jurors express bias they might not be willing to share in a room full of strangers."

¶ 23 The trial court stated that it would explain the elements of the charge, the interrogatory, and the limiting instruction to the jury and that both parties would have the opportunity to further question potential jurors based on their responses. The court also told the jurors that they could request to speak with the court privately about any concerns they may have. The trial court's framing of Swayzer's prior conviction addressed all the issues the proposed supplemental jury questionnaire intended to resolve. Considering the trial court's discretion in deciding whether to use jury questionnaires and what questions to include, *see* Crim. P. 24(a)(3), we conclude that the court did not abuse its discretion in declining to include the requested questions.

## IV. Disposition

¶ 24 The judgment is affirmed.

JUDGE YUN and JUDGE SULLIVAN concur.

11